IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CIVIL ACTION NOS. 18-CV-4284 |
| RUBYE WHIPPLE, | : | 18-CV-4325 |
| | : | |

**MEMORANDUM**

**GOLDBERG, J.**                                                                                         **NOVEMBER 6, 2018**

On October 3, 2018, *pro se* Plaintiff Rubye Whipple filed a Complaint against Seth Govan and Sean P. Whalen. *Whipple v. Govan*, Civ. A. No. 18-4284 (E.D. Pa.) (ECF No. 2). She also filed a Motion for Leave to Proceed *In Forma Pauperis*. *Id.* (ECF No. 1). Four days later, Whipple filed another copy of the same Complaint, at the top of which she wrote "Notice of Removal." *Whipple v. Govan*, Civ. A. No. 18-4325 (E.D. Pa.) (ECF No. 2). She also filed a Motion for Leave to Proceed *In Forma Pauperis*. *Id.* (ECF No. 1). For the following reasons, the Court will grant Whipple leave to proceed *in forma pauperis*, dismiss the Complaint filed in Civil Action No. 18-4284, and remand the state case that Whipple appears to be attempting to remove in Civil Action No. 18-4325.

**I.     FACTS**

   **A.     Civil Action No. 18-4284**

Whipple alleges that on November 7, 2017, someone "said that [he could] sell [her] property for [her] at a very good price." (Compl. at 3.)[1] A few days later, this individual told Whipple that he had $430,000.00 in cash. (*Id.*) Subsequently, the individual asked Whipple if "he could get a lower cash flow of $380,000 in cash." (*Id.*) Whipple told the individual to "bring the cash and it's a deal." (*Id.*)

---
[1] The Court uses the pagination assigned to Whipple's filings by the CM/ECF docketing system.

1

Weeks went by and Whipple did not receive the $380,000.00, "so there's no contract made." (*Id.*)  However, the individual "kept harassing [her], saying [they had] a deal." (*Id.*)  On November 15, 2017, Mr. Turlough Harte saw Whipple leaving her house "and he stated [that he] thought [she had] sold the property to Seth Go[v]an." (*Id.*)  Whipple was "surprised to hear" this because "it was not correct." (*Id.*)  She alleges that Govan "never shared with [her] that he was sharing deals without [her] knowledge and without [her] permission in writing or spoken agreement." (*Id.*)

According to Whipple, Govan "started harassing [her,] trying to force [her] into making a contract and abusing [her] rights to [privacy] and his behavior was intimidating as he kept bullying [her] because of [her] being [an] elderly woman." (*Id.*)  Whipple kept telling Govan that she "wanted to dealings with him." (*Id.*)  However, Govan "made some kind of documents and he was bullying and intimidating to accept a contract he made by fraud." (*Id.*)

Whipple states that she is invoking this Court's federal question jurisdiction for violations of her "civil rights, constitutional violations and elderly human rights." (Compl. at 2.)  She indicates that she has suffered from depression and anxiety, sleepless nights, and fear for her life and safety. (*Id.* at 4.)  As relief, Whipple asks that the Court "make Mr. Seth Go[v]an to stop the harassing, intimidation and bullying [her] to accept his contract without [her] knowledge to full disclos[ure] of facts." (*Id.*)  She also wants him to stop "harassing calls and visits to [her] property." (*Id.*)  Whipple also seeks for the Defendants to pay for her "pain and suffering, mental discomforts, unsafe feelings and violating [her] rights to [privacy] in [her] person and property also the [misrepresented] presentation of behavior to bring fraudulent construct to invoke fraud upon [her] person and assault." (*Id.*)

### B. Notice of Removal: Civil Action No. 18-4325

As noted above, Whipple's Notice of Removal consists of a copy of the same Complaint filed in Civil Action No. 18-4284, with "Notice of Removal" written at the top. (Not. of Removal 3-7.) She has attached a "Legal Notice of Removal" in which she names the Commonwealth of Pennsylvania Superior Court, Seth Govan, the Court Administrator for the Commonwealth of Pennsylvania Superior Court, and the Commonwealth of Pennsylvania as the Plaintiffs and herself as the Petitioner. (*Id.* at 9-11.) In this document, Whipple indicates that she is removing "Case Number 1806091." (*Id.* at 11.) Whipple alludes to violations of her Fifth and Fourteenth Amendment rights, as well as the Treaty of Peace and Friendship. (*Id.* at 12.)

Public dockets reflect that on June 15, 2018, Accelerator One, LLC, represented by Joseph C. Monahan and Sean Whalen, filed a suit in equity regarding the property against Whipple in the Court of Common Pleas for Philadelphia. *See Accelerator One, LLC v. Whipple*, Docket No. 180602091 (Phila. Ct. Common Pleas). On August 10, 2018, Whipple, appearing *pro se*, filed a Motion to Strike the Lis Pendens. *Id.* Accelerator One, LLC, through Whalen filed a response on August 29, 2018. *Id.* By Order entered on October 5, 2018, Judge Patrick denied Whipple's motion. *Id.* The proceedings are still pending in the Court of Common Pleas, with a case management conference scheduled to take place on October 15, 2018. *Id.*

### II. STANDARD OF REVIEW

The Court will grant Whipple leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence these civil actions. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Whipple is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Complaint: Civil Action No. 18-4284

As noted above, Whipple asserts that she is invoking this Court's federal question jurisdiction for alleged violations of her civil and constitutional rights. (Compl. at 2.) The Court therefore construes Whipple's Complaint to be raising claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Action under color of state law requires that the one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (quotation omitted). As an initial matter, Whipple fails to mention Whalen in the body of her Complaint and therefore fails to set forth a basis for how he was liable for violating her rights. In any event, nothing in the Complaint sets forth a basis for concluding that Govan and Whalen could be considered state actors subject to liability under § 1983. *See id.*; *see also Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d

4

Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, Whipple's § 1983 claims are subject to dismissal.[2]

Whipple also appears to be raising state law tort claims for, at least, fraud and assault. Because the Court has dismissed Whipple's federal claims, the Court will not exercise supplemental jurisdiction over Whipple's state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, Whipple has not set forth a sum certain in requested damages. In any event, Whipple has provided Pennsylvania addresses for herself as well as for Govan and Whalen. Accordingly, Whipple has failed to meet her burden of demonstrating that this Court has subject matter jurisdiction over her state law claims. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

---

[2] Whipple does not set forth, and the Court does not discern, any other basis for a federal claim against Govan and Whalen.

B.  Notice of Removal: Civil Action No. 18-4325

As noted above, although Whipple has named various individuals and entities as the "Plaintiffs" in her "Legal Notice of Removal," it appears that she is attempting to remove Case No. 180602091 from the Court of Common Pleas for Philadelphia. As an initial matter, the Notice of Removal does not attach "a copy of all process, pleadings, and orders served upon" Whipple as required by 28 U.S.C. § 1446(a). In any event, Whipple's removal of this case is improper. A defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). It appears that Whipple is attempting to remove the equity action filed against her pursuant to state law on the basis that she seeks to assert federal defenses. However, "[i]n order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). A defendant's intention to raise federal defenses to the claims against him would not establish a basis for removal. *See Bracken v. Matgouranis*, 296 F.3d 160, 163-64 (3d Cir. 2002). Accordingly, Whipple may not remove the case on that basis.[3]

---

[3] There is also no basis for removal of this case pursuant to the Court's diversity jurisdiction, which authorizes jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Furthermore, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if

Whipple may also be seeking to remove her case pursuant to 28 U.S.C. § 1443(1), which authorizes removal by a defendant of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Removal under § 1443(1) "requires satisfaction of a two-pronged test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law providing for . . . equal civil rights; and (2) that he is denied or cannot enforce that right in the courts of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (internal quotations omitted). "[The] state court defendant must invoke a statute that expressly provides for equal rights stated specifically in terms of racial equality." *Id.* at 1049. Here, Whipple's failure to allege any racial discrimination precludes removal under § 1443(1).[4]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Whipple leave to proceed *in forma pauperis*. Whipple's Complaint in Civil Action No. 18-4284 will be dismissed. Specifically, Whipple's federal claims pursuant to 42 U.S.C. § 1983 will be dismissed with prejudice. Whipple's state law claims will be dismissed for lack of subject matter jurisdiction.[5] The dismissal of Whipple's state law claims will be without prejudice to Whipple's right to pursue them in state court. Whipple will not be permitted to file an amended complaint, as amendment

---

any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, it appears that both parties in the underlying state case are Pennsylvania citizens.

[4] Section 1443(2) is also inapplicable here, as Whipple is neither a state nor federal officer. *See Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 689 (3d Cir. 2016) (per curiam).

[5] The Court takes no position on the merits of any state law claims raised by Whipple.

would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The Court will remand the case Whipple sought to remove in Civil Action No. 18-4325. An appropriate Order follows.